IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Feb 03 2021
U.S. DISTRICT COURT
Northern District of WV

JOSHUA ROWELL, individually, and
AMBER ROWELL, his wife,

   Plaintiffs,

v.            CIVIL ACTION NO. 1:21-cv-18  (Keeley)

ICG TYGART VALLEY, LLC.,
a Limited Liability Company, and
ARCH RESOURCES, INC.,
a foreign Corporation,

   Defendants.

## COMPLAINT

  Plaintiffs, Joshua Rowell and his wife, Amber Rowell, by counsel, state and allege as follows for their Complaint against the defendants:

### PARTIES & JURISDICTION

  1. At all times relevant, plaintiffs were residents and citizens of Taylor County, West Virginia. On and prior to April 14, 2020, plaintiff Joshua Rowell was employed by defendant ICG Tygart Valley, LLC.

  2. Defendant ICG Tygart Valley, LLC ("ICG Tygart Valley") is a limited liability company, whose sole business involves the extraction and processing of coal in Taylor County, West Virginia.  Defendant ICG Tygart Valley is, and at all times relevant herein was, regulated by the United States Department of Labor Mine Safety and Health Administration ("MSHA") as well as the West Virginia Office of Miners' Heath Safety & Training ("WVOMHST") and was responsible for compliance with all applicable MSHA and WVOMHST rules and regulations, as well as commonly accepted safe mining practices used in the coal industry, in the operation of the Leer mine.

3. Defendant Arch Resources, Inc., ("Arch") is a Delaware corporation with its principal place of business in St. Louis, Missouri. Arch conducts business in Taylor County, West Virginia through its provision of oversight and control over mine planning, engineering, budgeting and safety at the Tygart Valley Pocahontas mine. Upon information and belief, Arch provided and oversaw safety, engineering, regulatory compliance and other support services to the Tygart Valley Pocahontas mine which employed plaintiff Joshua Rowell. Defendant Arch had and assumed a duty to ensure that the Tygart Valley Pocahontas mine in which plaintiff, Joshua Rowell, was employed was operated in a reasonably safe and prudent manner and in conformity with applicable MSHA and state mining laws and regulations.

**FACTS**

4. On and before April 14, 2020, plaintiff worked as a maintenance foreman by defendant ICG Tygart Valley at its Leer underground mine.

5. Late on the afternoon shift, the conveyor train on the longwall broke which would necessitate repair in order to resume running the longwall miner. The longwall ceased operation once the chain broke just prior to midnight and shift change approached. Miners began cleaning the area where the chain would need to be repaired, which required coal to be dug out from the area to allow the chain to be "dogged" in order to perform the required repair.

6. Prior to the chain breaking, on the afternoon shift, the roof had fallen out between the shield tip and the face in this area which prompted upper management to come to this location and took photographs of the area shortly after midnight in the early morning hours of April 14, 2020. This roof collapse created an unsafe brow between the shield tip and the face at the approximate location between shields 3 and 5.

7. Shortly after midnight as the required inspections were being performed of the working area, it was discussed by certain individuals to move the dogs to a different location rather than in the shield stagger so as to provide greater protection while the repairs were being performed. This request was denied by upper management as it would take more time to dig out the area to access the chain as needed for repairs. As such, the preparations to perform the repairs along the 3 Right longwall face between shields 3 and 5 commenced. This included digging out material and throwing it over toward the face, thereby creating a slope back towards the panline and the area where persons would be working.

8. Despite upper management having direct, actual knowledge of this specific unsafe condition created by the rock brow, nothing was done to adequately support or otherwise remove workers from the zone of danger at the brow just above the shield stagger. Nonetheless, almost 4 hours later, plaintiff was directed and allowed as part of his job duties to enter the panline and assist in the attempt to repair the chain, along with another co-worker. At no point in time was plaintiff ever advised by his supervisors or anyone inspecting this area of the mine that this hazardous condition existed and that the roof was not adequately supported or controlled at the location of the prior fall.

9. As the plaintiff entered the panline to assist in the repair of the chain, the rock brow measuring 11.5 foot long, 3 foot wide and 2 foot thick fell out, hitting on the sloping material created as the dug out material had been thrown towards the face, thus causing the rock to fall towards the plaintiff, crushing him from the waist down.

10. Investigation by state and federal mine authorities both determined that ICG Tygart Valley had failed in its mandatory duty to support or otherwise control the roof, face and ribs of

all areas where miners will be assigned to work and/or travel. In determining that ICG Tygart Valley had violated 30 CFR 75.202, MSHA determined:

> The roof was being not supported or otherwise controlled along the 3 right longwall face between shields 3 and 5. Fur to the roof falling out between the shield tips and the face a rock brow was created between the shields in this area. On Tuesday April 14, 2020 at pp 4:00 a.m. the brow and a portion of roof fell out hitting the floor and then sliding toward the unitrack trapping two miners. The miners where in the pan repairing a broken conveyor chain. The rock was approximately 11 feet long, 3 feet wide and 2 feet thick…

See MSHA citation No. 9126268, which was not contested and was paid by the company.

11.  Perhaps more telling, however, is the citation issued by The WVOMHST for violation of W. Va. Code 22A-2-25(a), which reads:

> During the investigation of an accident that occurred on April 14, 2020, located on the 3 Right Longwall section/Face where a large rock fell from the mine roof(between the shield canopy and the longwall face) injuring two miners and both were lost time accidents. ***Evidence and informal interviews clearly indicates that the adverse conditions encountered in the mine roof at the accident site was recognized by mine management but was not supported or controlled to protect persons from falls of the roof.***

See WVOMHST Case 155-0233-2020 Violation 1, (emphasis added) which was not contested and was paid by the company.

12.   As a direct and proximate result of defendants' acts and/or omissions which caused plaintiff Joshua Rowell to sustain multiple crush injuries to his lower body including but not limited to a left subtrochanteric femur fracture, left tibia and fibula fractures, a right femoral shaft fracture, right lateral compression pelvic fracture, bilateral knee injuries, right fermoral nerve damage, psychological injuries and other pains and ailments such that defendants are liable to the plaintiff for all damages, including but not limited to:

    a.    extreme physical pain and suffering, past present and future;

    b.    extreme mental anguish and suffering, past present and future;

    c.    permanent physical impairment;

    d.    loss of wages and benefits;

    e.    loss of future earning capacity and benefits;

    f.    loss of capacity to enjoy life;

    g.    medical expenses past and future;

    h.    annoyance and inconvenience; and

    I.    permanent scarring and disfigurement.

## COUNT I
## DELIBERATE INTENT
### (ICG Tygart Valley)

13. The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint as if set forth herein verbatim.

14. On or about April 14, 2020, defendant ICG Tygart Valley violated W. Va. Code Ann. § 23-4-2(d)(2)(B) in that:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (ii) That ICG Tygart Valley, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer which rules, regulations and standards were specifically applicable to the work and working condition involved, and were intended to address the

specific hazard(s) presented by the alleged specific unsafe working condition[1];

(iv)    That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(v)    That Joshua Rowell suffered a serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

15.    As a direct and proximate result of defendants actions, omissions, and conduct on or about April 14, 2020, Plaintiff Joshua Rowell was sustained the serious and permanent injuries and damages as stated herein.

## COUNT II
## NEGLIGENCE
## (Arch)

16.    The plaintiffs repeat and incorporate here by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if set forth herein verbatim.

17.    As referenced herein above, defendant Arch assumed a duty and undertook to provide safety and compliance oversight and control, among other support services, to subsidiary mine operations, including defendant ICG Tygart Valley's Leer mine in which Plaintiff Joshua Rowell was employed.  Therefore, defendant Arch owed a duty to provide coal miners, including Plaintiff Joshua Rowell, with safe working conditions, including safe work procedures and standards developed and enforced by Arch, as well as the degree of control over safety and

---

[1] As it pertains to the alleged violations upon which plaintiff avers will prove element (c) of his claim, please see the verified statement of Don Ellis, retired MSHA expert with over 40 years of knowledge and expertise of the workplace safety statutes, rules, regulations and consensus industry safety standards specifically applicable to the underground mining industry, attached hereto as Exhibit B.  Mr. Ellis' statement contains and describes (1) his knowledge and expertise of the applicable workplace safety statutes, rules, regulations and/or written consensus industry safety standards; (2) The specific unsafe working condition(s) that were the cause of the injury that is the basis of the complaint; and (3) The specific statutes, rules, regulations or written consensus industry safety standards violated by ICG Tygart Valley that are directly related to the specific unsafe working conditions.

regulatory compliance assumed and asserted by Arch at this and other mine sites in the State of West Virginia.

19. 18.   Through their involvement and assumption of duties with regard to safety and compliance oversight and control for subsidiaries and the mines they operated, defendant Arch had a duty to ensure that coal was mined in compliance with federal and state mining laws and regulations, as was as commonly accepted safety practices and equipment utilized in the mining industry.

19.   Defendant Arch negligently, recklessly, willfully, and with wanton disregard of worker safety breached its duties owed to plaintiff Joshua Rowell, as a miner employed with defendant ICG Tygart Valley and assigned to ICG Tygart Valley's Leer mine.

20.   The acts and omissions forming the basis of Count II of this Complaint were of such extreme, willful, wanton, and reckless nature, and showed such gross indifference to human life as to warrant punitive damages.  The acts of defendant Arch were carried out with a flagrant disregard for the rights of others and with actual awareness that their acts would, in reasonable probability, result in human death or great bodily harm.

21.   In light of the existence of the unsafe and unstable ribs at the mine on the No. 3 section, of which defendant Arch was aware, the actions of defendant Arch in failing to take action to implement appropriate safeguards and where the focus on production lead to reckless disregard, intentional misconduct, indifference and/or a serious lack of reasonable care in an effort to ensure that the longwall was ready to produce once day shift arrived.  Accordingly, defendant Arch engaged in acts or omissions which, when viewed objectively at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential serious harm to others, by and through its control, oversight and involvement in the development,

planning and oversight of the mine and mining plan and other facts of the management of underground operations at the mine.

22. Defendant Arch had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Defendant Arch not only breached its duties of safety management, compliance and oversight, but thereby knowingly and with complete and callous disregard thereby exposed workers to a known, yet preventable, risk of serious injury or death.

23. As a direct and proximate result of defendant's acts, omission and other conduct referenced herein above, on or about April 14, 2020, plaintiff Joshua Rowell sustained the serious, permanently disabling injuries and damages described herein.

## COUNT III
## LOSS OF CONSORTIUM

24. The plaintiffs repeat and incorporate by reference, the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth herein verbatim.

25. As a further direct and proximate result of the conduct and actions of the defendants as described herein, the plaintiff, Amber Rowell, has been deprived of the loss of society, companionship, and consortium of her husband, Joshua Rowell.

26. Despite to being forced to perform all of the required services around the home as well as providing care for her husband, plaintiff Amber Rowell has also been forced to acquire employment outside the home in order to make ends meet for the family due to not being able to afford living expenses with the addition of the COBRA premium once Joshua Rowell was no longer provided insurance through his employer after being off work more than 6 months, thereby eroding the intimate husband and wife bond that they once shared, making her now in essence a nurse and caregiver and provider.

8

WHEREFORE, plaintiffs demand judgment against the defendants for:

    a.)    compensatory damages to be determined by a jury according to the laws of the State of West Virginia;

    b.)    punitive damages against defendant Arch to be determined by a jury according to the laws of the State of West Virginia;

    c.)    costs and attorney fees expended in prosecution of this matter;

    d.)    pre-judgment and post-judgment interest as provided under the law; and

    e.)    any and all other relief to which the Court deems plaintiffs are entitled.

**A JURY TRIAL IS DEMANDED.**

JOSHUA ROWELL, and his wife
<u>AMBER ROWELL,</u>
By Counsel,

/S/ D. Blake Carter, Jr.
D. Blake Carter, Jr. (WV State Bar No. 9970)
BAILEY JAVINS & CARTER, LC
213 Hale St.
Charleston, WV 25301
304-345-0346
*Counsel for Plaintiffs*